UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEVEN O'BERRY,

        **Plaintiff,**

  v.                             Civil Action 1:23-cv-186
                                    Judge Jeffrey P. Hopkins
                                    Magistrate Judge Chelsey M. Vascura

ATTORNEY JEFFREY BRANDT,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Steven O'Berry, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against his former attorney for failure to return $9,000 in retainer fees after the attorney failed to provide requested legal services. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to assert any claim over which this Court has subject-matter jurisdiction.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $23.33 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A718795) at London Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.    ANALYSIS

Plaintiff alleges that Defendant Jeffrey Brandt accepted $12,000 in retainer fees from Plaintiff or his family members over the course of twelve months, but that Mr. Brandt never provided the requested legal assistance to Plaintiff. (Compl., ECF No. 1-1, PAGEID #22.) Plaintiff alleges that Mr. Brandt returned only approximately $3,000 of the retainer fees. Plaintiff seeks to compel Mr. Brandt to return the remaining $9,000 to Plaintiff's family members. (*Id.*)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is invoked when a plaintiff pleads a claim

3

"arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In this case, Plaintiff's allegations of breach of contract related to Defendant's legal representation pertain squarely to state law and do not arise under federal laws or the United States Constitution. Nor has Plaintiff alleged that he and Defendants are citizens of different states or that the amount in controversy exceeds $75,000. Thus, Plaintiff has failed to plausibly allege facts upon which the Court could rely to conclude that this Court has subject-matter jurisdiction over his claims.

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is

**RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to assert any claim over which this Court has subject-matter jurisdiction.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE